[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff-tenants, Gregory Galik and Michael Cobain, leased commercial property from the defendant-landlord, Lorraine Mallinson, at 177 Bridgeport Avenue, Milford, CT. By this action, they are seeking the return of $14,400.00 paid by them pursuant to their lease agreement, which contained an option to purchase the property. The plaintiffs claim that the defendant's inability to obtain a negative declaration from the DEP concerning soil contamination entitled them to a refund of the option payments they made. The defendant denies that they are entitled to the return of the option payments and counterclaims for late fees and conversion.
The lease agreement, dated March 25, 1992, contains an "Option Payment" paragraph which states, in relevant part: "Landlord shall refund said option payments if Tenant exercises its option and Landlord is unable tofulfill its obligations under this paragraph, which option payments shallbe non-refundable but shall be applied against the purchase price herein provided if Tenant should exercise its option." (Plaintiffs' Exhibit D, paragraph 3(a) emphasis added.)
The plaintiff, Michael Cobain, testified that notice of intent to exercise the option to purchase was hand delivered to the defendant's residence and left at her front door on or about March 30, 1995. Although the plaintiff's method of delivery did not comply with the requirement in the lease that notices be sent by certified or registered mail, the defendant concedes that she received the notice and that it was timely made.
However, the defendant vigorously denies the plaintiff's assertion that she told him, before a closing was scheduled and before she got an appraisal of the property, that she could not obtain the negative declaration. The defendant testified that she obtained an appraisal of CT Page 3339 the property from Blue Ribbon Appraisals, Inc., which was conducted on January 9, 1996 and forwarded to the plaintiffs through their attorney on January 25, 1996. She further testified that the issue of a negative declaration never arose because the purchase price had not been set and a closing date had not been scheduled. Her obligation under the lease was to produce a negative declaration "at the closing" (Plaintiffs' Exhibit D, paragraph 22) and not before.
Because the court finds the defendant's testimony to be credible as to this issue, it finds that the plaintiffs have not established an anticipatory breach by the defendant. Therefore, they are not entitled to a refund of the option payments.
The defendant has made a counterclaim for damages, alleging late payments by the plaintiffs and conversion of a lift, which was installed by the plaintiffs during their tenancy and to which she contributed financially. The defendant has not established that she notified the plaintiffs of any late payments except for the February, 1994 rental payment. Although she made demand for the late payment authorized by the lease on or about February 16, 1994 (Defendant's Exhibit 6), she continued to accept rent payments from the plaintiffs for some time without further reference to or demand for the late fee. The court will not award any late fees to the defendant.
Similarly, the court will not award the defendant damages on her claim for conversion. She did not establish that the plaintiffs did damage to the property by removing the lift. The plaintiff, Michael Cobain, testified that he and his partner walked through the property with the defendant when they vacated the premises. No mention was made of any damage at that time. To the contrary, the defendant testified that she did not discover the damage until some months after the plaintiffs had moved out. In addition, the lease authorized the plaintiffs to remove trade fixtures that they had installed "upon expiration or sooner termination hereof" (Plaintiffs' Exhibit D, paragraph 6(b)).
Judgment may enter for the defendant on plaintiffs' claim and for the plaintiffs on defendant's counterclaim.
BY THE COURT
Leavitt, J.